DAVID M. HELBRAUN (SBN 129840)
**HELBRAUN LAW FIRM**
44 Montgomery Street, Suite 3340
San Francisco, California 94104
Telephone: (415) 982-4000
Facsimile: (415) 421-0912

Attorneys for Plaintiff
GERALD FRIENDS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| GERALD FRIENDS,<br><br>    Plaintiff,<br>v.<br><br>SAN JOAQUIN COUNTY, SAN JOAQUIN COUNTY SHERIFF DEPARTMENT, SAN JOAQUIN COUNTY SHERIFF STEVE MOORE SAN JOAQUIN COUNTY SHERIFF DEPUTY HERNANDEZ, SHERIFF DEPUTY SGT. ORAM, UNIDENTIFIED SAN JOAQUIN COUNTY SHERIFF DEPUTIES, AND DOES 1-50, Jointly and Severally,<br><br>    Defendants. | Case No.<br><br>COMPLAINT FOR DAMAGES<br><br>JURY TRIAL DEMANDED |

Plaintiff GERALD FRIENDS, by and through his attorneys, the HELBRAUN LAW FIRM, for his Complaint against Defendants, states as follows:

## I. INTRODUCTION

1. Plaintiff Gerald Friends was incarcerated at the San Joaquin County Correctional Facility on June 29, 2016, when he was informed that his wife was there to post his bail. Sheriff deputies then arrived at his cell and put him in restraints. The handcuffs were applied so tightly that they cut into his wrists to the bone. Three unidentified sheriff deputies took him to the jail yard where they were met by three or four more unidentified deputies. They ordered Plaintiff to wait in the yard. However, there was another man in the yard besides Plaintiff and the deputies: a very large, bearded, Caucasian man (Plaintiff is African-American) who was not

**COMPLAINT AND JURY DEMAND**            1

dressed in a deputy uniform and who was not in any handcuffs or restraints of any kind. Plaintiff had been held in isolation from the first day of his incarceration and was always kept isolated from other inmates until that moment. When Plaintiff then said something to the effect of, "I am always alone in the yard," a sheriff deputy with a name badge that said "Hernandez" approached Plaintiff and asked if he was refusing an order. Plaintiff said, "No," and began to explain, but was then violently struck in the mouth and face by that deputy. Another of the deputies then struck Plaintiff from behind, and another swiped at Plaintiff's legs, causing him to fall to the ground. The guards then beat Plaintiff on different parts of his body while he was on the ground, shackled. They stomped and beat him on his head, shoulders, arms, back and hands. They stretched out his hands and stomped on them. They kicked him in the ribs, back, groin area, and head until he passed out from the beating.

## II. JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12133 and the statutory and common law of the State of California. Jurisdiction is based upon 28 U.S.C. § 1343 and 29 U.S.C. §§ 794 and 706(8)(B), and the Court's pendent jurisdiction over the state claims.

## III. PARTIES

3. Plaintiff Gerald Friends was at all material times a resident of the City of Tracy, California.

4. Defendant County of San Joaquin ('Defendant County") is a general law county government entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs and controls the San Joaquin County Sheriff's Department, which employs other defendants in this action, and the San Joaquin County Correctional Facility.

5. Defendant San Joaquin County Sheriff Steve Moore at all times material was San Joaquin County Sheriff, and was acting within the course and scope of his employment. As Sheriff, Defendant Moore was a policy-making official for the Defendant County with the power to make official and final policy for the San Joaquin County Sheriff Department and the San Joaquin County Jail, which employ other defendants in this action.

6. San Joaquin County Sheriff Deputy Hernandez was and is at all material times employed as a San Joaquin County Sheriff Deputy, and was acting within the course and scope of his employment.

7. San Joaquin County Sheriff Deputy Sgt. Oram was and is at all material times employed as a San Joaquin County Sheriff Deputy, and was acting within the course and scope of his employment.

8. The true names and capacities of Defendants sued herein as DOES 1-50 ("Doe Defendants") are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and Plaintiff will seek leave to amend this complaint to show their true names and capacities when the same are ascertained. At all material times, each Doe defendant was an employee or agent of Defendant County and the San Joaquin Sheriff Department, acting within the course and scope of that employment.

9. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff. Further, one or more Doe Defendants were at all material times responsible for the hiring, training, supervision, and discipline of other Defendants, and/or directly responsible for violations of Plaintiff's rights.

10. Each individual defendant (meaning non-government entity defendants) is sued in his or her individual and official capacities.

11. Plaintiff is informed and believes, and based upon such information and belief alleges, that each of the defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the defendants herein gave consent, aid and assistance to each of the remaining defendants, and ratified and/or authorized the acts or omissions of each defendant as alleged herein, except as may be hereinafter otherwise alleged.

12. At all material times, each defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiff's Constitutional rights and other harm.

13. At all material times, each defendant acted under the color of the laws, statutes, ordinances and regulations of the State of California, and pursuant to the actual customs, policies, practices and procedures of the governmental entity by which they were employed or retained.

## IV. STATEMENT OF FACTS

14. Plaintiff was incarcerated at the San Joaquin County Correctional Facility on June 29, 2016, when he was informed that his wife was there to post his bail. Sheriff deputies then arrived at his cell and put him in restraints. The handcuffs were applied so tightly that they cut into his wrists to the bone. Three unidentified sheriff deputies took him to the jail yard where they were met by three or four more unidentified deputies. They ordered Plaintiff to wait in the yard.

15. There was another man in the yard besides Plaintiff and the deputies: a very large, bearded, Caucasian man (Plaintiff is African-American) who was not dressed in a deputy uniform and who was not in any handcuffs or restraints of any kind. Plaintiff had been held in isolation from the first day of his incarceration and was always kept isolated from other inmates until that moment. When Plaintiff then said something to the effect of, "I am always alone in the yard," defendant Hernandez approached Plaintiff and asked if he was refusing an order. Plaintiff said, "No," and began to explain, but was then violently struck in the mouth and face by defendant Hernandez. Another of the defendant deputies then struck Plaintiff from behind, and another swiped at Plaintiff's legs, causing him to fall to the ground.

16. All the defendant deputy guards present then beat Plaintiff on different parts of his body while he was on the ground, shackled. They stomped and beat him on his head, shoulders, arms, back and hands. They stretched out his hands and stomped on them. They kicked him in the ribs, back, groin area, and head until he passed out from the beating.

17. Plaintiff was taken to a hospital, where one or more of the same defendant deputies said to him, "no one here will help you, they are all part of us," or words to that effect –

meaning, to Plaintiff's understanding, that he should not think about telling the hospital medical staff what had really happened to cause his injuries. Plaintiff received treatment at the hospital and was taken back to the jail.

18. Defendant Sheriff Deputy Sgt. Oram convened a "Discipline Board" concerning the incident. He failed to adequately investigate the incident and instead effectively "rubber-stamped" the defendant sheriff deputies' version of events. Defendant Sgt. Oram thereby assisted in covering up the actions of those deputies who unlawfully and without justification used excessive force on Plaintiff as described above.

19. At all material times, Plaintiff acted peacefully and lawfully, never threatened any person, never endangered the safety of another, and never interfered with nor threatened any sheriff deputy, nor disobeyed any lawful order.

20. The conduct herein alleged of Defendants Sheriff Deputies, and each of them, was perpetrated upon Plaintiff with intent, malice, and without provocation, or in the alternative was done in reckless disregard of Plaintiff's rights. Each and every use of force described herein was without warning to Plaintiff and was objectively unreasonable under the circumstances. Each defendant either personally used unreasonable and unnecessary force upon Plaintiff, or authorized, ratified, or contributed to such conduct.

21. The conduct herein alleged of Defendants Sheriff Deputies, and each of them, was perpetrated upon Plaintiff negligently in that said defendants failed to use reasonable care to ensure no excessive force was used on Plaintiff. Each and every use of force described herein was without warning to Plaintiff and was objectively unreasonable under the circumstances. Each defendant either personally detained and/or arrested Plaintiff without probable cause to arrest Plaintiff and without legal cause or excuse to seize the person of Plaintiff, used unreasonable and unnecessary force upon Plaintiff, or authorized, ratified, or contributed to such conduct, and/or failed to obtain needed medical care for Plaintiff while he was in their care, control, and custody.

21. On information and belief, Does 1-10 are additional San Joaquin Sheriff Department Deputies who participated in the unlawful and excessive use of force on Plaintiff in

the jail yard on June 29, 2016. Said Doe Defendants 1-10, as well as Defendants Hernandez and Oram, have given false statements, filed false reports, improperly completed Use of Force reports, concealed material information, improperly investigated this matter, and have otherwise attempted to cover-up their and other deputies' misconduct, violations of State and Federal Constitutional rights, and other tortious and unlawful conduct.

22.  Plaintiff is informed and believes and thereon alleges that the County of San Joaquin and Doe Defendants 11 through 40, have received numerous complaints and have extensive additional information concerning use of excessive force and other acts of misconduct in violation of the rules and procedures of the San Joaquin County Sheriff Department, and the rights of the public committed by various San Joaquin County Sheriff Department deputies, including but not limited to the Defendant Deputy Hernandez and Doe Defendants 1 through 10.

23.  Defendant County of San Joaquin, and Doe Defendants 11 through 40, and each of them, by their deliberate acts, reckless conduct, and negligence in failing to train, supervise, discipline and/or investigate complaints and/or charges against San Joaquin County Sheriff Department deputies, and/or the defendant deputies, and Doe Defendants 1 through 10, proximately caused injuries to Plaintiff.

24.  Plaintiff is informed and believes and thereon alleges that at all times herein alleged it was the custom and policy of the San Joaquin County Sheriff Department, and their members, to use excessive force against jail inmates, and to otherwise violate the rights of incarcerated persons, particularly African-American persons. This custom and policy is evidenced by the San Joaquin County Sheriff Department's failure to train, supervise, discipline and/or investigate complaints and/or charges against San Joaquin County Sheriff Department deputies who had a known propensity for violence and excessive force and for violating the rights of incarcerated persons. The acts herein described of Defendants Hernandez, Oram, and of the Doe Defendants 1 through 10, and each of them, were in keeping with said custom and policy of use of excessive force and violation of other rights.

25.  On or about December 22, 2016, Plaintiff caused to be personally delivered to the San Joaquin County Counsel a claim for injuries, losses and damages suffered and incurred

1 by Plaintiff by reason of the above-described occurrences, all in compliance with the requirements
2 of the California Government Code.

3     26. On or about January 18, 2017, the County of San Joaquin rejected
4 Plaintiff's claim.

5     27. Plaintiff was subsequently incarcerated pursuant to sentencing on criminal
6 charges, from March 20, 2017 to September 6, 2017, with his release on September 6, 2017.

### V. DAMAGES

8     28. As a direct and proximate result of the acts and omissions of Defendants,
9 and each of them, Plaintiff sustained damages, in an amount to be determined according to proof,
10 including but not limited to wrist cuts to the bone, broken thumb, broken nose, facial bone
11 fractures, broken eye sockets, black eyes, blurred vision, tinnitus, subconjunctival hemorrhages,
12 multiple rib fractures, an inguinal hernia, and numerous bruises and contusions to his upper and
13 lower body, hands, wrist and face, requiring continuing medical care, emotional distress, fear,
14 anxiety, humiliation, loss of personal reputation, embarrassment, medical expenses, loss of
15 income, and the deprivation of his State and Federal Constitutional rights to be free from
16 unreasonable and unnecessary uses of force, as guaranteed by the Fourth Amendment to the
17 United States Constitution and Article 1, Section 13 of the California Constitution.

18     29. Plaintiff has incurred and will continue to incur attorney's fees to vindicate
19 his rights, and thus is entitled to reasonable attorneys' fees according to proof.

20     30. Plaintiff alleges on information and belief that the conduct of the individual
21 defendants was intentional, reckless and oppressive and was done with the intent of depriving
22 Plaintiff of his constitutional rights. The acts of the individual defendants, therefore, are such that
23 punitive damages should be imposed against them in an amount commensurate with the
24 wrongfulness alleged herein.

### VI. JURY DEMAND

26     31. Plaintiff hereby demands a jury trial in this case.
27 XXX
28 XXX

**FIRST CAUSE OF ACTION**
(Violations of Civil Rights, 42 U.S.C. § 1983)
(Defendants Hernandez, Oram, and Does 1-40)

32. Plaintiff hereby realleges paragraphs 1 through 30 of this complaint, as though set forth fully herein.

33. As a direct and proximate result of the individual Defendants' actions and omissions, Plaintiff was deprived of his rights and privileges under the Fourth Amendment and the Fourteenth Amendment to the United States Constitution, and the laws of the State of California, in that plaintiff was subjected to unreasonable and excessive force while in the care, custody or control of Defendants.

34. Defendants subjected Plaintiff to Defendants' wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and/or with conscious and reckless disregard for whether the rights and safety of Plaintiff would be violated by their acts and/or omissions.

35. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth at paragraphs 28 through 30, above.

36. The conduct of Defendants Hernandez, Oram, and Defendants Does 1-10, and each of them, and Does 11-40, entitles Plaintiff to punitive damages and penalties allowable under 42 U.S.C. § 1983.

37. Plaintiff also claims reasonable costs and attorneys' fees under 42 U.S.C. § 1983 and as allowed by law.

**SECOND CAUSE OF ACTION**
(Violation of Civil Rights, 42 U.S.C. § 1983)
(Defendants County of San Joaquin, and Does 41-50)

38. Plaintiffs hereby reallege paragraphs 1 through 37 of this complaint, as though set forth fully herein.

39. Defendants County of San Joaquin, and Doe Defendants 41-50, as a matter of policy, practice and custom, have with deliberate indifference failed to adequately train, instruct, monitor, supervise or otherwise direct its sheriff deputies and employees, including the

individual Defendants herein, concerning the rights of incarcerated citizens, with deliberate indifference to those citizens' and Plaintiff's constitutional rights, which were thereby violated as described above.

40. Defendant County of San Joaquin, and Doe Defendants 41 through 50, as a matter of policy, practice and custom, have with deliberate indifference failed to use adequate hiring procedures, thereby resulting in negligent and reckless hiring of the individual defendants, including Defendants Hernandez, Oram, and Does 1 through 10, with deliberate indifference to incarcerated citizens' and Plaintiff's constitutional rights, which were thereby violated as described above.

41. The unconstitutional actions and/or omissions of Defendants Hernandez, Oram, and Does 1-40, as described above, were ordered, approved, tolerated, authorized, directed, and/or ratified by policy making officers for the County of San Joaquin, including Doe Defendants 41-50.

42. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies practices and procedures of Defendants County of San Joaquin, and Doe Defendants 41-50 as described above, Plaintiff sustained serious, severe and permanent injuries as described in paragraphs 28 through 30 above.

**THIRD CAUSE OF ACTION**
(Violations of California Civil Code § 52.1)
(Defendants Hernandez, Oram, and Does 1-40)

43. Plaintiff hereby realleges paragraphs 1 through 42 of this complaint, as though set forth fully herein.

44. As a direct and proximate result of the individual Defendants' actions and omissions, Defendants interfered with Plaintiff's rights and privileges secured under the Fourth Amendment and the Fourteenth Amendment to the United States Constitution, and the laws of the State of California and the California Constitution, including but not limited to the right to protection from bodily restraint, harm, personal insult, or injury, as secured by California Civil Code § 43, and the right to receive adequate and necessary medical care while in custody, rather than deliberately indifferent or objectively not reasonable medical care during such custody, as

secured by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments.

45. Defendants subjected Plaintiff to Defendants' wrongful conduct, depriving Plaintiff of rights described herein, knowingly, maliciously, and/or with conscious and reckless disregard for whether the rights and safety of Plaintiff would be violated by their acts and/or omissions.

46. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth at paragraphs 28 through 30, above.

47. The conduct of Defendants Hernandez and Oram, and Defendants Does 1-40, and each of them, entitles Plaintiff to an award of actual damages, punitive damages up to three times actual damages, a civil penalty of $25,000, and attorneys' fees pursuant to California Civil Code §§ 52 and 52.1.

48. Plaintiff also claims reasonable costs and attorneys' fees under Civil Code §52.1 and as allowed by law.

**FOURTH CAUSE OF ACTION**
(Violation of Civil Code §52.1)
(Defendants County of San Joaquin and Does 41-50)

49. Plaintiff hereby realleges paragraphs 1 through 48 of this complaint, as though set forth fully herein.

50. Defendants County of San Joaquin, and Doe Defendants 41-100, as a matter of policy, practice and custom, have with deliberate indifference failed to adequately train, instruct, monitor, supervise or otherwise direct its officers and employees, including the individual Defendants herein, concerning the rights of citizens, with deliberate indifference to citizens' and Plaintiff's rights and privileges secured under the Fourth Amendment and the Fourteenth Amendment to the United States Constitution, and the laws of the State of California and the California Constitution, including but not limited to the right to protection from bodily restraint, harm, personal insult, or injury, as secured by California Civil Code § 43, and the right to receive adequate and necessary medical care while in custody, rather than deliberately indifferent or objectively not reasonable medical care during such custody, as secured by the First,

Fourth, Fifth, Eighth, and Fourteenth Amendments, which were thereby violated as described above.

51. Defendant County of San Joaquin, and Doe Defendants 41 through 50, as a matter of policy, practice and custom, have with deliberate indifference failed to use adequate hiring procedures, thereby resulting in negligent and reckless hiring of the individual defendants, including Defendants Hernandez and Oram, and Does 1-10, with deliberate indifference to citizens' and Plaintiff's rights and privileges secured under the Fourth Amendment and the Fourteenth Amendment to the United States Constitution, and the laws of the State of California and the California Constitution, which were thereby violated as described above.

52. The unconstitutional actions and/or omissions of Defendants Hernandez and Oram, and Does 1-40, as described above, were ordered, approved, tolerated, authorized, directed, and/or ratified by policy making officers for the County of San Joaquin, including Doe Defendants 41-50.

53. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies practices and procedures of Defendants County of San Joaquin, and Doe Defendants 41-50 as described above, Plaintiff sustained serious, severe and permanent injuries as described in paragraphs 28 through 30 above, which entitles Plaintiff to an award of actual damages, punitive damages up to three times actual damages, a civil penalty of $10,000, and attorneys' fees pursuant to California Civil Code §§ 52 and 52.1.

**FIFTH CAUSE OF ACTION**
(Violations of California Civil Code § 51.7)
(Defendants Hernandez, Oram, and Does 1-10)

54. Plaintiff hereby realleges paragraphs 1 through 53 of this complaint as though fully set forth herein.

55. In doing the things herein alleged, Defendants Hernandez, Oram, and Does 1-10 used violence and intimidation by the threat of violence against Plaintiff because of his ancestry and race.

56. As a proximate result of Defendants Hernandez, Oram, and Does 1-10's wrongful conduct, Plaintiff suffered damages as described in paragraphs 28 through 30 above.

57. The aforementioned acts of Defendants Hernandez, Oram, and Does 1-10 were wilful and intentional, and justifies an award of actual damages, punitive damages up to three times actual damages, a civil penalty of $10,000, and attorneys' fees pursuant to California Civil Code § 52(b).

### SIXTH CAUSE OF ACTION
(Assault)
(Defendants Hernandez, Oram, and Does 1-10)

58. Plaintiffs hereby reallege paragraphs 1 through 57 of this complaint, as though set forth fully herein.

59. Defendants Hernandez, Oram, and Does 1-10, and each of them, by committing violence against Plaintiff, placed Plaintiff in immediate fear of great bodily harm. Plaintiff did not consent to such violent and offensive acts and contact by these defendants.

60. As a proximate result of Defendants Hernandez, Oram, and Does 1-10's intentional and wrongful conduct, Plaintiff suffered damages.

### SIXTH CAUSE OF ACTION
(Battery)
(Defendants Hernandez, Oram, and Does 1-10)

61. Plaintiff hereby realleges paragraphs 1 through 60 of this complaint, as though set forth fully herein.

62. Defendants Hernandez, Oram, and Does 1-10, and each of them, by committing violence against Plaintiff, intentionally caused offensive contact with Plaintiff's person. Plaintiff did not consent to such violent and offensive acts and contact by Defendants Hernandez, Oram, and Does 1-10, and each of them.

63. As a proximate result of Defendants Hernandez, Oram, and Does 1-10, and each of their, intentional and wrongful conduct, Plaintiff suffered damages.

### SEVENTH CAUSE OF ACTION
(Negligence)
(Defendants Hernandez, Oram, and Does 1-10)

64. Plaintiff hereby realleges paragraphs 1 through 63 of this complaint as though fully set forth herein.

65. At all times mentioned herein, defendants, and each of them, were subject

to a duty of care to avoid causing unnecessary physical harm and distress to other persons, and to obtain needed medical care for persons under their care, custody, or control. By taking the actions described above, defendants acted negligently and without due care.

66. Plaintiff's injuries were proximately caused by the negligent and wrongful acts or omissions of Defendants Hernandez, Oram, and Does 1-10, and each of them, as they wrongfully and without due cause detained and arrested Plaintiff, used violent and excessive force against Plaintiff, and/or failed to obtain for Plaintiff needed medical care while he was in their care, custody, or control. Defendants Hernandez, Oram, and Does 1-10, and each of them, committed those acts while employed by Defendant County of San Joaquin and acting within the scope of their employment.

67. As a proximate result of defendants' negligent and wrongful conduct herein described, Plaintiff suffered damages.

WHEREFORE Plaintiff prays for judgment as follows:

1. For general damages, including to compensate him for emotional distress, pain and suffering, according to proof at the time of trial,

2. For special damages, including loss of earnings, according to proof at the time of trial;

3. For punitive and exemplary damages as against the individual defendants commensurate with the acts complained of herein;

4. For costs of suit and reasonable attorneys' fees;

5. For actual damages, punitive and exemplary damages, a civil penalty of $25,000, and attorneys fees under California Civil Code §§ 52 and 52.1;

6. For such other and further relief and damages as the Court may deem just and proper.

DATED: November 20, 2017

Respectfully submitted,
HELBRAUN LAW FIRM

DAVID M. HELBRAUN
Attorneys for Plaintiff
GERALD FRIENDS